IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CYNTHIA CAMPBELL                                                PLAINTIFF

v.                              CIVIL ACTION NO.: 2:09cv120-KS-MTP

LOWE'S HOME CENTERS, INC.                                      DEFENDANT

## **ORDER**

This matter is before the court on Plaintiff's Motion [12] to Amend Complaint to Join an Additional Party. Having reviewed the motion and Defendant's response [13], as well as all matters made a part of the record of this case and the applicable law, the court finds that the motion should be denied.

In this action, filed on June 29, 2009, Plaintiff alleges that she was racially discriminated against by Defendant, her employer, and she asserts various causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as amended. *See* Complaint [1]. Plaintiff now seeks to join Gwendolyn Evans as a plaintiff in this action. Plaintiff avers that Ms. Evans is her co-worker and "would bring essentially the same claim against the same defendant and would rely on essentially the same evidence or events and other instances of proof involving essentially the same group of individuals." *See* Motion at 1-2. No further information regarding Ms. Evans' potential claim(s) against Defendant has been provided by Plaintiff.

As Plaintiff seeks leave to amend her complaint to join an additional person as a plaintiff, Rules 15 and 20 of the Federal Rules of Civil Procedure are implicated. Rule 15(a) provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court" and that "leave shall be freely given when justice so requires." However, leave to amend is not automatic. *Bloom v. Bexar Cty.*, 130 F.3d 722, 727 (5th Cir. 1997). The decision

whether to grant or deny leave is within the sound discretion of the district court. *Id.*; *see also Halbert v. Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). Rule 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Both tests for permissive joinder must be satisfied in order for joinder of an additional plaintiff to be authorized. *See El Aguila Food Products, Inc. v. Gruma Corp.*, 167 F.Supp. 2d 955, 958 (S.D. Tex. Oct. 2, 2001) (citations omitted).

As Defendant argues in its response to the motion, Plaintiff has failed to provide sufficient information regarding Ms. Evans' potential claim(s) against Defendant to enable the court to conduct a proper Rule 20(a)(1) analysis. Other than bare, conclusory averments that Plaintiff and Ms. Evans "would bring essentially the same claim" and "would rely on essentially the same evidence or events," Plaintiff does not describe the "transaction, occurrence or series of transactions or occurrences" from which their claims arise, nor does she set forth any common question of law or fact.[1] Plaintiff's complaint in this matter appears to address matters specific to her, including her employment history, the alleged denial of certain promotions or positions, and alleged acts of retaliation. Plaintiff does not explain how the proposed additional plaintiff's claims overlap with hers and does not include a proposed amended complaint to allow for a comparison of the claims and issues. Accordingly, the court declines to exercise its discretion to allow Plaintiff to amend her complaint to join Ms. Evans as a party plaintiff in this action.

---

[1] Indeed, Plaintiff did not file a reply or respond to Defendant's argument that she has failed to provide sufficient information regarding the proposed joinder.

2

IT IS, THEREFORE, ORDERED and ADJUDGED that Plaintiff's Motion [12] to Amend Complaint to Join an Additional Party is denied.[2]

SO ORDERED this the 8th day of December, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] Nothing herein prevents the proposed additional plaintiff from filing a separate lawsuit of her own.