IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CYNTHIA CAMPBELL                                                                    PLAINTIFF

v.                                                              Civil Action No. 2:09cv120-KS-MTP

LOWE'S HOME CENTERS, INC.                                                        DEFENDANT

**ORDER**

THIS MATTER is before the court on a Motion [19] to Compel Discovery. In the motion, Defendant seeks an order compelling Plaintiff to provide full and complete responses to certain portions of its First Set of Interrogatories and First Request for Production of Documents propounded on October 23, 2009. Plaintiff has not responded to the motion, and the Good Faith Certificate attached to the motion indicates that Plaintiff does not oppose the motion. Accordingly, the court finds that the motion should be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion [19] to Compel Discovery is granted. Plaintiff shall supplement her responses to Defendant's First Set of Interrogatories and First Request for Production of Documents by February 15, 2010, as follows:

   a.  <u>Interrogatory No. 1</u>: Plaintiff shall describe Barbara Barnes' involvement in this case, as well as provide a summary of expected testimony for each witness listed in her response.

   b.  <u>Interrogatory No. 4</u>: Plaintiff shall identify: dates of employment; salary or other benefits; hours worked; job duties; and reasons for leaving each employer identified in her response.

   c.  <u>Interrogatory No. 5</u>: Plaintiff shall describe her job duties and responsibilities for each position listed in her response.

   d.  <u>Interrogatory No. 7</u>: Plaintiff shall provide specific alleged damages, as well as how those damages are calculated. Plaintiff shall provide all information she

    currently possesses in response to this interrogatory.[1]

  e.  <u>Interrogatory No. 8</u>: Plaintiff shall state whether she is demanding compensatory damages for mental damages and/or for physical damages, and she shall provide complete identifying information for "Pastor Mandy," including her full name, as well as whether she is a doctor, psychologist, social worker, or other health care professional.

  f.  <u>Interrogatory Nos. 9 and 11</u>: Plaintiff shall provide all information she currently possesses in response to these interrogatories.

  g.  <u>Interrogatory No. 12</u>: Plaintiff shall provide a response to this interrogatory.[2] To the extent that her response includes the names of individuals, Plaintiff shall provide the full name, as well as all other information requested in the interrogatory, for each person identified in her response.[3]

  h.  <u>Interrogatory Nos. 13, 14, 15, 20 and 23</u>: Plaintiff shall provide the full name, as well as all other information requested in the interrogatories, for each person identified in her response. In response to Interrogatory No. 20, Plaintiff shall provide all information she currently possesses.

  i.  <u>Interrogatory No. 16</u>: Plaintiff shall provide the full name, as well as all other information requested in the interrogatory, for each person identified in her response. Plaintiff shall also describe the basis for her retaliation claim, including dates and other details requested in the interrogatory.

  j.  <u>Interrogatory No. 21</u>: Plaintiff shall provide all information requested in the interrogatory, including: whether she applied for the position/promotion; the date of her application; to whom her application was submitted; her qualifications for

---

[1] In response to Interrogatories 7, 9, 11 and 20, as well as Requests for Production 4, 5, 6, 7, 8 and 12, Plaintiff indicated that she reserved the right to supplement her response at a later date, thus leaving it ambiguous whether her responses were full and complete at that time. Plaintiff must provide full and complete answers to those requests based on information presently known. If, at a later date, Plaintiff discovers that any of her previous responses were inaccurate or incomplete, she will be obligated to timely supplement those responses. *See* Fed. R. Civ. P. 26(e); Local Rule 26(a)(5).

[2] In her response, Plaintiff set forth the text of the wrong interrogatory (Interrogatory No. 13) as Interrogatory No. 12. *See* Exh. 2 to Motion (ecf. doc. no. 21) at 5-6. Thus, it is unclear whether her response pertains to Interrogatory No. 12 or 13.

[3] *See* Exh. 1 to Motion (ecf. doc. no. 20) at 2 ("A request to 'identify,' 'explain' or provide the 'identify of' a person is a request for the name and occupational title, present business address and telephone number, present residential address and telephone number, if known, and if not known, that person's last known occupational title, business address and telephone number, and residential address and telephone number.").

the position/promotion; the date the position was posted; how she learned of the position; and the name of the person who received the position/promotion.

k.	<u>Doc. Request No. 1</u>: Plaintiff shall provide full copies of her tax returns for 2005, 2006, 2007 and 2008.

l.	<u>Doc. Request Nos. 4, 5, 6, 7, 8 and 12</u>: Plaintiff shall provide all responsive documents currently in her possession, custody or control.

2. Plaintiff is cautioned that failure to comply with the discovery provisions of the Federal Rules of Civil Procedure may subject her to appropriate sanctions, including but not limited to: an order prohibiting her from using withheld information, documents or witnesses on a motion, at a hearing or at trial, or dismissal of this action in whole or in part. *See* Fed. R. Civ. P. 37(b), (c).

SO ORDERED on this the 5th day of February, 2010.

s/ Michael T. Parker
United States Magistrate Judge